IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                Plaintiff,

v.                                                                                            ORDER

STONEHOUSE DEVELOPMENT and KRISTIE                  21-cv-529-jdp
JOHNSON,

                Defendants.

---

Plaintiff Valerie L. Flores filed a motion making several requests. Dkt. 94. I will deny the requests for the following reasons.

Flores seeks judgment against defendant Stonehouse Development because a man received a settlement from Stonehouse in circuit court, which Flores believes is gender discrimination. I will deny this request. I cannot grant Flores judgment against Stonehouse just because it settled a separate case with another plaintiff. If Flores were to seek leave to amend her amended complaint to add a gender discrimination claim based on this allegation, I would deny the request. The allegation is unrelated to the claims on which I allowed Flores to proceed. And Flores's allegation of gender discrimination is speculative: it doesn't include any facts that would plausibly support a claim for the violation of her federal rights.

Flores asks me to subpoena Dr. Leslie Bernstein, one of her treating physicians, to testify as an expert on her behalf.  The court does not retain expert witnesses for the parties. If Flores wants Dr. Berstein to testify as an expert for her, that is something Flores would have to arrange.

Flores seeks assistance in recruiting counsel. A party requesting assistance in recruiting counsel must show three things: (1) she cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1);

(2) she made reasonable efforts on her own to find a lawyer to represent her, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds her ability to prosecute it, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).

I decline to assist Flores in recruiting counsel at this time. Flores has met the first requirement because the court granted her motion to proceed in forma pauperis. As for the second requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Because Flores hasn't submitted any such letters, she hasn't met the second requirement. Even if Flores met the second requirement, it's too early to tell if this case will involve issues that are too complex for her to handle. Flores says that she needs help locating a family, apparently because Flores believes they would provide useful testimony. But Flores hasn't explained what that testimony would be. The court will attempt to recruit pro bono counsel to assist with investigation and potentially with arranging for expert witnesses but only when its clear how counsel would help the plaintiff present a meritorious claim. Here, Flores hasn't explained what evidence she seeks or how it would be necessary for her to prosecute this case.

ORDER

1.  Plaintiff Valerie L. Flores's miscellaneous motion, Dkt. 94, is DENIED.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered November 20, 2023.

                                                  BY THE COURT:

                                                  /s/

                                                  _____
                                                  JAMES D. PETERSON
                                                  District Judge